Filed 2/13/15  P. v. Nolden CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT NOLDEN,<br><br>    Defendant and Appellant. | B258070<br><br>(Los Angeles County<br>Super. Ct. No. KA105947) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Jack P. Hunt, Judge.  Affirmed.

Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Scott Nolden appeals from the judgment entered following his no contest plea to a charge of domestic violence in case No. KA105947, followed by an admission that his conviction was a probation violation in case No. KA105947. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

*Case No. KA099355*

In September 2012, defendant was sentenced to five years formal probation after he pled guilty to violation of Penal Code section 273.5 (corporal injury to a girlfriend, etc.).[1] Defendant was informed that he had the right to preparation of a formal probation and sentencing report prior to sentencing; he expressly waived that right.

*Case No. KA105947*

On May 21, 2014, defendant was charged by felony complaint with three counts of corporal injury to a girlfriend after a prior conviction (§ 273.5, subd. (f)(1)) (counts 1, 2 & 3) and disobeying a domestic relations court order (§ 273.6, subd. (a)) (count 4); a prior prison term enhancement (§ 667.5, subd. (b)) and a great bodily injury/domestic violence enhancement (§ 12022.7. subd. (e)) were also alleged.

Case No. KA105947 was ordered to be heard with the probation violation in case No. KA099355.

*No Contest Pleas in Case No. KA099355 and Case No. KA105947*

At his June 4, 2014, arraignment in case No. KA105947, defendant pled no contest to count 3 and admitted the great bodily injury enhancement in exchange for a six year prison term comprised of the two year low term on the substantive offense plus four years for the great bodily injury enhancement. He did so after being advised of his rights

---

[1]    All undesignated statutory references are to the Penal Code.

2

and the consequences of a plea. After defense counsel agreed there was no legal cause to delay sentencing, the trial court imposed the bargained for sentence and dismissed the remaining counts and enhancements.

Next, after waiving his rights and being advised of the consequences of a plea, defendant admitted the conviction in case No. KA105947 was a violation of his probation in case No. KA099355; he was sentenced to the three year midterm for the probation violation, to run concurrently with the six year term imposed in case No. KA105947.

Defendant timely appealed the judgment in both cases on the stated grounds that he was "coerced into plea by counsel under false pretenses." In his Request For Certificate of Probable Cause, defendant asserted that defense counsel "did not explain the various outcomes of his guilty plea, nor did she allow [defendant] to ask questions or provide mitigating circumstances or any defense at all. [¶] [Defendant] was arrested on May 20th, 2014, sentenced in just two weeks; with no formal complaint or probation report filed as per Rules of Court 8.304(b). Therefore since [defendant] was not provided with a probation report he was not allowed due process, or to present any of the mitigating factors or to be considered for continuation of his current probation. (§ 1237(b))." Defendant asserted that as a result, he received ineffective assistance of counsel. Defendant's application for a Certificate of Probable Cause was denied in both cases.

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. He filed no supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.

4